UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

SEAN MICHAEL RYAN,

        Plaintiff,                Case No. 1:14-cv-754

v.                                          Honorable Gordon J. Quist

DANIEL HEYNS et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Heyns, Smith, Huss, Simon and Johnson. The Court will serve the complaint against Defendants Canefield, Jamison, Elliot, Krunk and Dolittle.

### Discussion

    I.    Factual allegations

Plaintiff presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF). Plaintiff sues MDOC Director Daniel Heyns and

the following ICF personnel: Warden William Smith; Assistant Resident Unit Supervisor (Unknown) Simon; Deputy Warden Erica Huss; Correctional Officers (Unknown) Canefield, (Unknown) Elliot and (Unknown) Jamison; Nurses (Unknown) Krunk and (Unknown) Dolittle and Daphne M. Johnson.[1]

Plaintiff alleges that he has physician's orders authorizing him to have access to a wheelchair and a cane. On March 13, 2014, his housing unit experienced a "shake down." (Compl., docket #1, Page ID#5.) Before Plaintiff was escorted from his cell, he asked Defendant Simon to ensure that he received his ambulatory aids. When Defendants Jamison and Canefield came to escort Plaintiff out of his cell, they told Plaintiff that his cane and wheelchair were for out-of-unit use only and they ordered Plaintiff to "cuff up." (*Id.*) Plaintiff complied. While escorting Plaintiff, Defendants Jamison and Canefield intentionally inflicted unnecessary pain upon Plaintiff when they allowed him to fall three times, all the while laughing and taunting him. Because Plaintiff was handcuffed behind his back and shackled, Plaintiff alleges that Defendants intentionally put him at risk of injury. Defendants Canefield and Jamison responded to Plaintiff's request for help by ridiculing him.

Additionally, Plaintiff alleges that instead of putting him in a shower on the same level as his cell, Defendants Canefield and Jamison made him drag himself up stairs to another shower putting him "at risk of staph or mercer [sic] infection and causing more pain." (*Id.*) Defendants Canefield and Jamison were aware of Plaintiff's chronic pain and ambulatory difficulties, but chose to ignore these problems "for apparently their own amusement or to 'punish' Plaintiff with [sic] out penological justification." (*Id.*) As Plaintiff was laying on the shower floor,

---

[1] Although not identified as a Defendant, Plaintiff purports to set forth claims against the MDOC in the body of his complaint. Even if it had been properly identified as a Defendant, the MDOC is immune from suit. *See*, *e.g.*, *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000).

Defendant Dolittle refused to provide medical care despite Plaintiff's request for help and his "obvious pain and suffering." (*Id.* at Page ID#*6*)

On March 19, 2014, Defendant Krunk gave Plaintiff a cell-side medical examination due to his inability to get to the examination room. Defendant Jamison ignored Plaintiff's requests for help and intentionally refused to help Plaintiff onto the scale "resulting in unnecessary pain intentionally inflicted." (*Id.* at Page ID#5) Plaintiff almost fell two times and managed not to hit the floor only because a wall helped him prop himself up. After he was weighed, Plaintiff made his way to a chair. When Defendant Krunk completed her examination, Plaintiff tried to get out of the chair but "collapsed back into [the] chair due to pain." (*Id.*) Plaintiff again tried to get out of the chair and as he was doing so Defendant Elliot pulled the chair out from under him causing him to fall to the ground. Defendant Krunk did not try to help Plaintiff, and instead said "'Stop[,] I can't hold it in' (referring to laughter)." (*Id.*)

Plaintiff filed grievances regarding the March 13 and 19 incidents, which were denied. Plaintiff sent "kites" to Defendants Smith, Huss and Heyns, but they have failed to investigate, "forward to internal affairs or perserve [sic]. . . the videos as Plaintiff requested (to cover up incidents)." (*Id.*) Because Defendants Smith, Huss and Heyns failed to investigate his grievances, Plaintiff concludes that Defendants Smith, Huss and Heyns have failed to train, supervise or discipline "the abusive staff members and in effect condoned the unconstitutional infliction of pain and cruel and unusual punishment." (*Id.*)

As relief, Plaintiff seeks an injunction and money damages.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

3

While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.     Defendants Heyns, Smith and Huss

Plaintiff fails to make specific factual allegations against Defendants Heyns, Smith and Huss, other than his claim that they failed to conduct an investigation in response to his

grievances.[2] Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Heyns, Smith and Huss engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

B. Eighth Amendment

Plaintiff alleges that Defendants Canefield and Jamison were escorting him from his cell during a unit shakedown. Plaintiff was handcuffed and shackled during the escort. While Defendants Canefield and Jamison were walking with Plaintiff, they let him fall three times while they were laughing and taunting him. Defendants Canefield and Jamison responded to Plaintiff's requests for help by ridiculing him. Additionally, Defendants Canefield and Jamison made Plaintiff drag himself upstairs to another shower, rather than allow him to go to a shower on the same level

---

[2] Plaintiff concludes that Defendants Heyns, Smith and Huss have failed to train and supervise staff which, according to Plaintiff "in effect condoned" staff behavior. (Compl., docket #1, Page ID#6.) However, Plaintiff comes to these conclusions based solely on his allegation that Defendants Heyns, Smith and Huss failed to investigate his grievances.

as his cell, despite their awareness of Plaintiff's ambulatory difficulties. While Plaintiff was laying on the shower floor, Defendant Dolittle refused to provide medical care.

Additionally, Defendant Jamison refused to help Plaintiff step onto a scale to be weighed by Nurse Krunk. Because of Defendant Jamison's refusal to help, Plaintiff almost fell two times. After he was weighed, Plaintiff made his way to a chair, but when he attempted to rise from the chair, Defendant Elliot pulled it out from under him, causing him to fall to the ground. Defendant Krunk did not try to help and merely held back her laughter.

At this juncture in the proceedings, Plaintiff's allegations warrant service of the complaint on Defendants Canefield, Jamison, Elliot, Krunk and Dolittle.

### C. Defendant Simon

Plaintiff alleges that when he learned that his unit would be experiencing a shakedown he asked Defendant Simon to ensure that he received his ambulatory aids. That is Plaintiff's sole allegation against Defendant Simon. Plaintiff does not explain how he came to communicate with Defendant Simon or why he believed Defendant Simon would be able to ensure that he received his ambulatory aids.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective

component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Even if Plaintiff has alleged sufficient facts to establish that Defendant Simon was aware that he had a serious medical need, Plaintiff fails to establish that Defendant Simon was deliberately indifferent to his serious medical need. Plaintiff merely alleges that he asked Defendant Simon to ensure that he received his ambulatory aids during the unit shakedown. That Plaintiff did not actually receive those ambulatory aids is insufficient to establish that Defendant Simon deliberately failed to provide them to Plaintiff. It very well could have been that Defendant Simon did everything he could to ensure that Plaintiff received his ambulatory aids, but he was thwarted in this endeavor. Plaintiff simply fails to set forth any facts to suggest deliberate indifference by Defendant Simon.

7

To the extent Plaintiff brings a claim against Defendant Simon for failure to protect Plaintiff, the analysis is the same. An Eighth Amendment failure-to-protect claim has both an objective and subjective component. First, "to establish a constitutional violation based on failure to protect, a prison inmate . . . must show that the failure to protect from risk of harm is objectively 'sufficiently serious.'" *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011) (quoting *Farmer*, 511 U.S. at 833). "The inmate must show that 'he is incarcerated under conditions posing a substantial risk of serious harm.'" *Id.*

Second, "a plaintiff also must show that prison officials acted with [subjective] 'deliberate indifference' to inmate health or safety." *Id.* (quoting *Farmer*, 511 U.S. at 834). A plaintiff must show "more than ordinary lack of due care for the prisoner's interests or safety." *Farmer*, 511 U.S. at 835. The subjective requirement is met only where a plaintiff demonstrates that prison officials acted with "deliberate indifference" to a substantial risk of harm. An official is deliberately indifferent where "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Id.* at 837. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as the infliction of punishment." *Id.* at 838. In analyzing the subjective component, a district court should consider each defendant's state of mind individually, not collectively. *Bishop*, 636 F.3d at 767. Additionally, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844. "Whether one puts it in terms of duty or deliberate indifference, prison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishment Clause." *Id.* at 845.

Even if Plaintiff can establish that Defendant Simon failed to protect him from a sufficiently serious harm - being forced to walk without ambulatory aids, Plaintiff has not

8

established that Defendant Simon deliberately disregarded the risk of harm. Plaintiff offers no facts to suggest that Defendant Simon's deliberate failure to act was the reason he did not receive his ambulatory aids.

Plaintiff fails to state an Eighth Amendment claim against Defendant Simon. Consequently, Defendant Simon must be dismissed.

### D. Defendant Johnson

With respect to Defendant Johnson, Plaintiff fails to set forth any factual allegations. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"). Because Plaintiff's claims fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"), his complaint must be dismissed against Defendant Johnson.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Heyns, Smith, Huss, Simon and Johnson will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Canefield, Jamison, Elliot, Krunk and Dolittle.

An Order consistent with this Opinion will be entered.


Dated:  September 5, 2014            /s/ Gordon J. Quist            
                                     GORDON J. QUIST
                                     UNITED STATES DISTRICT JUDGE