UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN RYAN,

        Plaintiff,                          Hon. Gordon J. Quist

v.                                                   Case No. 1:14 CV 754

DANIEL HEYNS, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion to Revoke *In Forma Pauperis* Status. (Dkt. #22). Plaintiff initiated this action on July 15, 2014, against several prison officials. On July 17, 2014, the Court granted Plaintiff's motion to proceed as a pauper. Defendants now move, however, to revoke Plaintiff's *in forma pauperis* status. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted**.

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil

action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b).

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal, although the statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *See, e.g., Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir.1998).

While the PLRA does not define the phrase "imminent danger," it is significant that Congress chose to use the word "imminent," a word that conveys the idea of immediacy. Imminent is defined as "[n]ear at hand. . .impending; on the point of happening; threatening, menacing, perilous. . .something close at hand, something to happen upon the instant. . .and on the point of happening." Black's Law Dictionary, 514-15 (6th ed. 1991). Imminent is also defined as "ready to take place, near

at hand, impending, hanging threateningly over one's head, menacingly near." Webster's Third New International Dictionary, 1130 (1976). Imminent danger is defined as "such an appearance of threatened and impending injury as would put a reasonable and prudent man to his instant defense." Black's Law Dictionary, 515 (6th ed. 1991). In a recent decision, the Sixth Circuit observed:

> While the Sixth Circuit has not defined the term "imminent danger" for purposes of this section, other Circuits have held that to meet the requirement, the threat or prison condition "must be real and proximate" and *the danger of serious physical injury must exist at the time the complaint is filed*. Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception. Other Circuits also have held that district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are "conclusory or ridiculous," or are "'clearly baseless' (i.e. are fantastic or delusional and rise to the level of 'irrational or wholly incredible).'"

*Rittner v. Kinder*, 290 Fed. Appx. 796, 797-98 (6th Cir. 2008) (internal citations omitted) (emphasis added).

Plaintiff has been an active litigant in the federal courts. Plaintiff has on at least three previous occasions filed federal civil rights actions that were subsequently dismissed for failure to state a claim on which relief may be granted. *See Ryan v. Norwood*, 1:14-cv-410 (W.D. Mich., May 28, 2014); *Ryan v. Saginaw Police Department*, 2:12-cv-12709 (E.D. Mich., July 10, 2012); *Ryan v. O'Farrell*, 1:11-cv-1247 (W.D. Mich., Jan. 6, 2012); *see also, Ryan v. Jensen*, 1:14-cv-874, dkt. #3 (W.D. Mich.) (denying Plaintiff's motion to proceed as a pauper denied on the ground that "Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim").

In his complaint, Plaintiff alleges that Defendants required him to move and ambulate throughout the prison on several occasions without the use of his authorized ambulatory aids. Plaintiff alleges that as a result he was subjected to "risk of injury." Plaintiff's allegations do not satisfy the "imminent danger" exception as such fail to indicate that Plaintiff was in imminent danger of serious

physical harm as of the date he initiated the present action. Accordingly, the undersigned recommends that Defendant's motion be granted and Plaintiff's *in forma pauperis* status be revoked.

## CONCLUSION

As discussed herein, the undersigned recommends that Defendants' Motion to Revoke *In Forma Pauperis* Status, (Dkt. #22), be **granted** and Plaintiff's *in forma pauperis* status be revoked. The undersigned further recommends that if this recommendation is adopted by the Honorable Gordon J. Quist, that Plaintiff be required to submit the entire $350.00 filing fee within thirty (30) days of the date of such Order and that if Plaintiff fails to do so this action be dismissed. Any such dismissal will not, however, negate Plaintiff's obligation to pay the filing fee in full.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  January 5, 2015                         /s/ Ellen S. Carmody
                                               ELLEN S. CARMODY
                                               United States Magistrate Judge