UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SEAN RYAN,

        Plaintiff,

v.                                                                                   Case No. 1:14-CV-754

DANIEL HEYNS, et al.,                                          HON. GORDON J. QUIST

        Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff has filed an Objection to Magistrate Judge Ellen Carmody's January 5, 2015 Report and Recommendation ("R & R"), which recommends that the Court grant Defendants' motion to revoke Plaintiff's *in forma pauperis* status because Plaintiff has three strikes. The magistrate judge further recommended that the Court conclude that Plaintiff's allegations do not fall within the exception for allegations of "imminent danger of serious physical injury" set forth in 28 U.S.C. § 1915(g). (R & R at 3–4.)

After conducting a *de novo* review of the R & R, Plaintiff's Objection, and the pertinent portions of the record, the Court concludes that the R & R should be adopted and Defendants' motion be granted.

The magistrate judge concluded that Plaintiff's allegations fail to satisfy the "imminent danger" exception because Plaintiff alleges that Defendants required him to move and ambulate throughout the prison on several occasions without use of his ambulatory aids. In other words, Plaintiff's allegations are limited to past incidents. (R & R at 3–4.) Plaintiff contends in his Objection that his complaint alleged imminent danger because his allegations demonstrate the

existence of an ongoing series of violations and threat of further physical injury.  (Dkt. # 30 at Page ID#152.)  The Court disagrees.  "In order to allege sufficiently imminent danger, . . . the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed."  *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (internal quotation marks omitted).  The magistrate judge did not err in concluding that Plaintiff's allegations fall short of establishing the "imminent danger" exception.  Plaintiff's allegations only concern two past incidents that caused him harm, not any ongoing or threatened future injuries.  For example, Plaintiff does not allege that Defendants have permanently deprived him of his ambulatory aids, thus creating a risk that he will fall and injure himself.  Accordingly, Plaintiff's Objection lacks merit.  Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued January 5, 2015 (dkt. # 29 ) is **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion to Revoke Plaintiff's *In Forma Pauperis* Status (dkt. # 22) is **GRANTED**.  Plaintiff's *in forma pauperis* status is hereby **REVOKED**.

**IT IS FURTHER ORDERED** that within **thirty (30) days** of the date of this Order, Plaintiff must submit the entire $350.00 filing fee.  If Plaintiff fails to do so within that time, his complaint will be dismissed without prejudice.  In the event that Plaintiff fails to comply with this Order, Plaintiff shall still remain liable for the entire filing fee.  *See In re Alea*, 286 F.3d 378, 381–82 (6th Cir. 2002).

Dated:  February 23, 2015                                    /s/ Gordon J. Quist
                                                   GORDON J. QUIST
                                          UNITED STATES DISTRICT JUDGE